

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 24, 1957

Honorable Coke Stevenson, Jr.          Opinion No. WW-170.
Administrator
Texas Liquor Control Board          Re:  Legality of contest plan
Austin 61, Texas                               for advertising alcoholic
                                                       beverages.

Dear Mr. Stevenson:

          We have your letter of June 13, 1957, in which you ask our opinion on the legality of a certain advertising plan for the advertisement of alcoholic beverages.  You have submitted to us certain information from which we describe the plan as follows:

          This advertising plan is to be in the form of a contest among entrants to name the 1957 Grand National Champion mixed drink, determined in a nation-wide drink contest held among professional bar-tenders.  The entrant is to give a suggested name for this drink and the reason for such name in ten words or less.  The contest rules state that no purchase is required to enter this contest which is open to all persons of legal age in the United States except certain employees of the distillery, its advertising agency, persons engaged in the alcoholic beverage industry, or their families.  The rules further provide that no legal minor will be awarded a prize, and all entries become the property of the distillery company.  The entries are to be judged on the basis of originality, uniqueness and aptness, and all contestants agree by reason of their entry to the use by the sponsor of their name and photograph in connection with the advertising of the sponsor's product.

          First prize is to be $10,000 cash, there being 450 "Waring Blenders" as second prizes.  This contest is sponsored by the distillers of the alcoholic beverage there advertised.

          Article 666-17 (3), Vernon's Penal Code, provides as follows:

          "It shall be unlawful for any person who owns or has an interest in the business of a Distiller, Brewer, Rectifier, Wholesaler, Class B. Wholesaler, Class A Winery, Class B Winery, or Wine Bottler, or any agent, servant, or employee:

"...

"(f)  To offer any prize, premium, gift, or other similar inducement to any retailer or consumer, or the agent, servant, or employee of either.

"...."

It is our opinion that the advertising plan above detailed offers prizes, premiums or other similar inducements to the consumers or prospective consumers of alcoholic beverage.  Since the parties sponsoring this advertising plan are included within the parties enumerated in Art. 666-17 (3), V.P.C., it is our conclusion that this advertising plan violates the provisions of Article 666-17 (3) (f), V.P.C., and that such plan is therefore unlawful under the Texas Liquor Control Act.

## SUMMARY

The submitted advertising plan involving a contest to name the Grand National Champion Drink of 1957 and listing certain prizes for the winners of such contest constitutes an offer of a prize, premium, or other similar inducement to the consumers by the sponsor, a distillery, and thereby violates Article 666-17(3) (f), V.P.C.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
   Assistant

JHM:jl:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
John Reeves
Byron Fullerton
Howard Mays
Wm. E. Allen
REVIEWED FOR THE ATTORNEY GENERAL
BY:  Geo. P. Blackburn